## PINK HENDERSON v. THE STATE.

### No. 4184.   Decided February 12, 1908.

**1.—Local Option—Evidence—Practice on Appeal.**

Where upon appeal from a conviction of a violation of the local option law, there is no bill of exceptions in the record to the testimony objected to on trial, the same can not be considered by looking to the statement of facts.

**2.—Same—Evidence—Prosecuting Witness—Hearsay.**

Upon trial for a violation of the local option law, where a State's witness testified that another State's witness gave him a bottle of whisky, and that the first State's witness gave said bottle of whisky to the county attorney, and that said bottle was the same one which he got from the second State's witness, the same was not hearsay; whereas a statement to another witness, to the effect that the prosecuting witness said he got the whisky from the defendant, would be hearsay.

**3.—Same—Charge of Court—Limiting Testimony.**

Where upon trial for a violation of the local option law, the court limited the testimony of a certain State's witness who had testified that he had given a bottle containing whisky to the county attorney, to the question as to whether said bottle contained whisky, and not upon the issue of defendant's guilt, the same was more favorable than the law required, and the defendant could not complain.

**4.—Same—Impeachment of Witness—Question for Jury.**

Where upon trial for a violation of the local option law the prosecuting witness was an ignorant negro, and his testimony was impeached by various witnesses on material matters, but the jury nevertheless believed his testimony, the verdict will not be disturbed.

Appeal from the County Court of Johnson. Tried below before the Hon. F. E. Adams.

Appeal from a conviction of a violation of the local option law; penalty, $100 and sixty days confinement in the county jail.

The opinion states the case.

A. S. Bledsoe, for appellant..

F. J. McCord, Assistant Attorney-General; J. D. Kugle, County Attorney; J. E. Warren, and W. E. Myres, Assistants, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law and his punishment assesed at a fine of $100 and sixty days in the county jail.

Appellant in his motion for a new trial complains that the court erred in permitting the witness, Will Greenway, to testify that he gave a bottle containing whisky to the county attorney, which bottle said witness claimed to have procured from the defendant, as will be seen by defendant's bill of exceptions No. 1. We find no bills of exception in the record. Were we warranted to look at the statement of facts, which the rules of this court preclude, there is no such suggestion in the witness Will Greenway's testimony as contained in said statement. Tom

Warner does testify that Will Greenway gave him a bottle of whisky; and that he (Warner) gave said bottle of whisky to the county attorney; that the bottle he gave the county attorney was the same bottle he got from Will Greenway. This testimony would be admissible. We have held at this term of the court that a statement to the effect that the prosecuting witness said he got the whisky from the defendant, to another witness, would be hearsay; but the testimony here disclosed in this statement of facts would not be hearsay. Bruce Smith v. State, decided February 12, 1908. In other words, it is not permissible for a witness to tell what another witness states, regardless of whether the other witness be the main prosecuting witness or not. However, as stated at the outset, there being no bills of exception in the record, the matter can not be reviewed.

The second ground of the motion complains that the court erred in his charge to the jury, wherein he limits the effect of the testimony of the witness, Will Greenway, to the effect, that he had given a bottle containing whisky to the county attorney and tells the jury that said testimony was admitted solely for the purpose of determining whether said bottle or bottles contained whisky. The charge complained of, is as follows: "You are instructed that the testimony introduced on the trial, to the effect - that the fluid given to county attorney or assistant county attorney by the witness testifying in the case, was whisky, was admitted by the court solely and exclusively for the purpose of determining whether the bottle or bottles contained whisky, and ought not to be considered by yourselves for any other purpose, even though you may believe from the evidence beyond a reasonable doubt that the said bottle or bottles contained whisky, yet the defendant would be entitled to an acquittal unless, as in the next paragraph of this charge, you find that the sale was made as therein set out." The next paragraph of the court's charge tells the jury in substance, that if the defendant sold whisky to Will Greenway, they would find defendant guilty. We do not think there was any error in the charge. However, we do not think it was necessary to limit this testimony at all, but the limitation placed on same could not have hurt appellant, since the testimony as suggested by the court, was only admitted and could be only used for the purpose of proving whether the fluid bought by the prosecuting witness from appellant was whisky.

Appellant's last insistence is that the evidence is insufficient to support the conviction. The prosecuting witness was an ignorant negro. His testimony is impeached by various witnesses on material matters, but the jury have seen fit to believe his testimony, and they being the sole judges of the credibility of the witnesses, we are not warranted in disturbing their finding. Therefore, the judgment is affirmed.

*Affirmed.*